GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
Amy Robinson
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DIANA ST. MACARY, on behalf of herself and
other similarly situated individuals,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | Dkt. No.:**1:23-cv-10615** |

JAMAICA HOSPITAL MEDICAL CENTER,

Defendant.

------------------------------------------------------------------------X

Plaintiff Diana St. Macary, by her attorneys Giskan Solotaroff & Anderson LLP, for her

complaint against Defendant Jamaica Hospital Medical Center ("Jamaica Hospital"), alleges as

follows:

## PRELIMINARY STATEMENT

1.      Plaintiff alleges claims for violation of the Fair Labor Standards Act ("FLSA")

and the New York Labor Law ("NYLL") on behalf of herself, and other similarly situated,

current and former Case Manager Associates ("CMAs") at Jamaica Hospital.

2.      Defendant Jamaica Hospital failed to compensate Plaintiff and the other CMAs

for all their hours worked and failed to pay them one and a half times their hourly rate for the

hours that exceeded 40 hours per week in violation of both the FLSA and the NYLL.

3.      In addition, Jamaica Hospital violated NYLL § 195 by not providing its employees with wage statements that accurately set forth the basis of pay and the regular and overtime hours worked.

**THE PARTIES**

4.      Plaintiff Diana St. Macary is a resident of Kew Gardens, New York.

5.      Defendant Jamaica Hospital Medical Center is a corporation organized under the laws of New York with its principal place of business in Queens, New York.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction pursuant of Plaintiff's claim under FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C.§ 216(b) and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

7.      Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in this District.

8.      This Court has personal jurisdiction over Defendant because it operates and employed Plaintiff and the Class within New York State.

**FACTS**

9.      Plaintiff was hired as a CMA at Jamaica Hospital in April 2019. In that role, Plaintiff assisted with discharge planning for patients admitted to Jamaica Hospital. Plaintiff worked in that role until November 2021, when she resigned from her position.

10.     The CMA position at Jamaica Hospital is a non-exempt position and Plaintiff and the other CMAs were paid on an hourly basis for 37.5 hours per week.  They were required to clock in and out every day.

11.     Plaintiff's hourly rate was $22.40 when she was hired in 2019, and was $24.48 at the time she left Jamaica Hospital in 2023.

12.     Plaintiff and the other CMAs were scheduled to work each day from 8:30 a.m. until 5:00 p.m. and take a 60-minute lunch, totaling a scheduled 37.5 hours per week.

13.     Based on the volume of work required, Plaintiff and the other CMAs regularly needed to work through lunch and past 5:00 p.m. to ensure the discharge plans were completed.

14.     The department director for the CMAs, Sheryl Merstein, required that Plaintiff and the other CMAs request permission in advance to work overtime. However, Ms. Merstein generally left work every day by 3:30 p.m. and accordingly there was no way for Plaintiff and the CMAs to request permission if they realized they needed to work overtime after Ms. Merstein had already left for the day.

15.     On at least one occasion, Plaintiff made a request to Ms. Merstein that she be paid for the hours she had actually worked while staying late. Ms. Merstein rejected the request because Plaintiff had not requested permission in advance.

16.     When Plaintiff and the other CMAs worked in excess of 37.5 hours in a week and did not receive advance permission to work overtime, their hours would be reduced on their timesheets to 37.5 hours.

17.     Even though Plaintiff was only paid for 37.5 hours per week, she generally worked at least 45 hours a week. Accordingly, for a typical week, Plaintiff should have received an additional 2.5 hours paid at her base rate and 5 hours paid at 1.5 times her base rate.

18.     Specifically, for the pay period from June 20, 2021, to July 3, 2021, Plaintiff was only paid her standard rate of $24.28 for two weeks of 37.5 hours even though she worked at least 43 hours in each of those weeks.

3

19.     Based on Plaintiff's observations of, and communications with her colleagues, the other CMAs also worked similar regular and overtime hours for which they were not paid.

## COLLECTIVE ACTION ALLEGATIONS

20.     Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of all persons who are or were employed by Jamaica Hospital as CMAs and who have not been paid wages for all hours worked and/or overtime wages at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty per workweek in violation of the FLSA (the "Collective Action Members") at any time since December 4, 2020 to the entry of judgment in this case (the "Collective Action Period").

21.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Jamaica Hospital, upon information and belief, there are over 40 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

22.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

23.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the

4

members of the collective action to individually seek redress for the wrongs done to them. There

will be no difficulty in the management of this action as a collective action.

24.      Questions of law and fact common to the members of the collective action

predominate over questions that may affect only individual members because Defendant has

acted on grounds generally applicable to all members. Among the common questions of law and

fact common to Plaintiff and other Collective Action Members are:

      a.      Whether Defendant employed the Collective Action Members within the meaning of the FLSA;

      b.      Whether Defendant failed to pay the Collective Action Members their hourly wage for all hours worked up to 40 hours per week;

      c.      Whether Defendant failed to pay the Collective Action Members one and one-half times their hourly wage for hours that exceeded 37.5 hours per week;

      d.      Whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

      e.      Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and

      f.      Whether Defendant should be enjoined from violations of the FLSA in the future.

25.      Plaintiff knows of no difficulty that will be encountered in the management of this

litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

26.      Plaintiff sues on her own behalf and on behalf of the Rule 23 class under

Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27.      Plaintiff brings New York Labor Law claims on behalf of the Rule 23 class

which consists of all persons who are or were employed by Jamaica Hospital as CMAs since

December 4, 2017, and who have not been paid wages for all hours worked and/or overtime wages at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per workweek in violation of the New York Labor Law, and who did not receive the wage statements required by Labor Law § 195(3) ("the Rule 23 Class").

28.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are at least 40 members of the Rule 23 Class during the Class Period.

29.     The claims of Plaintiff are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

30.     Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

31.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

32.     Plaintiff has the same interests in this matter as all other members of the Rule 23 Class and Plaintiff has no interest that is contrary to or in conflict with the members of the Class.

33.     Plaintiff's claims are typical of the Rule 23 Class.

34.     There are questions of law and fact common to the Rule 23 Class which predominate over any questions solely affecting the individual members of the class, including but not limited to:

a.     Whether Defendant employed the members of the Rule 23 Class within the meaning of the New York Labor Law;

b.     Whether Defendant failed to pay members of the Rule 23 Class the employee's hourly wage for all hours worked one and one-half times the employee's hourly wage for hours that exceeded 37.5 hours per week;

c.     Whether Defendant failed to provide members of the Rule 23 Class the wage statements required by New York Labor Law § 195(3);

d.     Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

e.     Whether Defendant should be enjoined from such violations of the New York Labor Law in the future.

## FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 et seq.)

35.     For this cause of action, "Plaintiff" refers to the named Plaintiff and any other employee of Defendant who worked as a CMA and who file individual consents to sue in this action. Plaintiff alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

36.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff St. Macary's written consent is attached hereto as Exhibit A and incorporated by reference.

37.     At all times relevant to this action, Plaintiff was employed by Defendant within

the meaning of the FLSA.

38.     At all times relevant to this action, Plaintiff was engaged in commerce and/or Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

39.     Defendant willfully failed to pay Plaintiff the employee's regular rate for all hours worked and one and one-half times the employee's regular rate for hours that exceeded 40 hours per week.

40.     Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
(NEW YORK LABOR LAW §§ 190 *et seq.*, 650 *et seq.*)

41.     Plaintiff alleges and incorporates by reference the foregoing allegations.

42.     At all times relevant to this action, Plaintiff and the members of the Rule 23 class were employed by Defendant within the meaning of New York Labor Law §§ 2, 190 and 651.

43.     Defendant willfully violated the rights of Plaintiff and the Rule 23 Class by failing to pay them their regular hourly rate for all hours worked up to 37.5 hours per week, and one and one-half times their regular rate for hours that exceeded 37.5 hours per week in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

44.     Due to Defendant's New York Labor Law violations, Plaintiff and the Rule 23

Class are entitled to recover from Defendant their unpaid overtime compensation, attorneys' fees

and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department

of Labor regulations.

## THIRD CLAIM FOR RELIEF
### (NEW YORK LABOR LAW §§ 195(3), 198(1-d).

45.     Plaintiff alleges and incorporates by reference the foregoing allegations.

46.     At all times relevant to this action, Plaintiff and the members of the Rule 23

Class were employed by Defendant within the meaning of New York Labor Law §§ 2, 190 and

651.

47.     Defendant willfully violated the rights of Plaintiff and the Rule 23 Class by

failing to provide them with wage statements that included the information required by Labor

Law § 195(3).

48.     Due to Defendant's New York Labor Law violations, Plaintiff and the New

York Class are each entitled to recover two hundred fifty dollars for each workday that the

violations occurred, up to a total of five thousand dollars.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.     Certify this action as a collective action pursuant to 29 U.S.C. § 207;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

C.     Declare Defendant's conduct complained of herein to be in violation of the rights
of Plaintiff and the Collective Action Members under the FLSA and the rights of
Plaintiff and the Rule 23 Class under the New York State Labor Law;

D.     Award Plaintiff and the Collective Action Members their unpaid overtime
compensation under the FLSA;

E.     Award Plaintiff and the Rule 23 Class their unpaid overtime compensation,
pursuant to the New York State Labor Law and the New York State Department

9

of Labor Regulations;

F.    Award Plaintiff and the Collective Action Members liquidated damages due to Defendant's willful failure to pay them overtime compensation pursuant to 29 U.S.C. § 216;

G.    Award Plaintiff and the Rule 23 Class liquidated damages pursuant to New York Labor Law §198(1-a);

H.    Award Plaintiff and the Rule 23 Class damages pursuant to New York Labor Law §198 (1-d);

I.    Award Plaintiff, the Collective Action Members, and the Rule 23 Class prejudgment interest;

J.    Award Plaintiff, the Collective Action Members, and the Rule 23 Class attorneys' fees and the costs of this action; and

Such other relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.


Dated:        New York, New York
              December 5, 2023

                        GISKAN, SOLOTAROFF & ANDERSON LLP


                        s/Jason L. Solotaroff
              By:       Jason L. Solotaroff
                        Amy Robinson
                        90 Broad Street
                        New York, New York 10004
                        646-964-9604
                        jsolotaroff@gslawny.com
                        *ATTORNEYS FOR PLAINTIFF*

10